# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **JAMES F. McGUIRL, and** ) | |
| **MARLENE C. McGUIRL,** ) | |
| ——————————————— ) | |
| ) | |
| **JAMES F. McGUIRL,** *et. al.,* ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civ. No. 02-0596 (RJL) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| *et. al.,* ) | |
| ) | |
| Appellees. ) | |
| ——————————————— ) | |
| IN RE: ) | |
| ) | |
| **JAMES F. McGUIRL, and** ) | |
| **MARLENE C. McGUIRL,** ) | |
| ——————————————— ) | |
| ) | |
| **JAMES F. McGUIRL,** *et. al.,* ) | |
| ) | |
| Appellants, ) | |
| ) | |
| v. ) | Civ. No. 02-0597 (RJL) |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| *et. al.,* ) | |
| ) | |
| Appellees. ) | |
| ——————————————— ) | |

1





## MEMORANDUM OPINION
(January **3**, 2006) [# 3, #4]

This action is an appeal from a decision of the Bankruptcy Court for the District of Columbia ("Bankruptcy Court") brought by James McGuirl and his wife, Marlene McGuirl (the "McGuirls" or "debtors"), two *pro se* litigants. The McGuirls challenge, in essence, the Bankruptcy Court's determination that the debtors failed to allege actionable violations of the automatic stay, and the Bankruptcy Court's denial of the debtors' motion to reopen the bankruptcy proceedings. Upon due consideration of the parties' submissions, the Bankruptcy Court's well thought out opinion, the relevant law, and the entire record herein, the Bankruptcy Court's decision is AFFIRMED and the action is dismissed.

## BACKGROUND

In March 1990, the McGuirls underwent an involuntary Chapter 7 bankruptcy.[1] *McGuirl v. C.I.R.*, T.C. Memo 1999-21 at 1. On January 25, 1994, the Bankruptcy Court denied the McGuirls a discharge in the bankruptcy proceedings. *Id.* According to the McGuirls, the IRS violated the automatic stay several times after the denial of discharge.[2]

---

[1]      In June 2002, the McGuirls filed a lawsuit in this Court against the United States and five employees of the Internal Revenue Service seeking damages for alleged misconduct during certain administrative proceedings. This Court dismissed that action for lack of subject matter jurisdiction on March 31, 2004. *McGuirl v. United States*, 360 F. Supp. 2d 125, 126 (D.D.C. 2004). The facts and circumstances set forth in that Memorandum Opinion are an instructive source for background information regarding the instant proceedings.

[2]      The McGuirls allege the following violations: (1) a statutory notice of deficiency to the McGuirls for the 1993 taxable year, *McGuirl v. C.I.R.*, T.C. Memo 1999–21 at 1, (2) the Tax Court proceedings that took place following the issuance of the notice of deficiency, *Id.*; (3) a levy on Marlene McGuirl's retirement pay, Appellant's Br. at 18; and (4) certain conduct regarding net operating losses, *In re McGuirl*, 2001 WL 1798478, at *9 (Bankr. D.D.C. Nov. 30, 2001).

On June 20, 2001, the McGuirls filed a motion to reopen the case under 26 U.S.C. §

7433(e)(1)[3] and an adversary complaint against the United States and four employees of the

IRS. They argued, inter alia, that the adversary defendants violated the automatic stay

provisions set forth in 11 U.S.C. § 362. More specifically, the McGuirls argued that the

automatic stay did not expire until the bankruptcy cases were closed in 1999. After giving

the McGuirls additional time to articulate more clearly their claim for a violation of the

automatic stay, the Bankruptcy Court denied the motion to reopen and dismissed the

adversary proceeding. This appeal followed.[4]

## STANDARD OF REVIEW

This Court has jurisdiction over the McGuirls' appeal from the Bankruptcy Court

decision pursuant to 28 U.S.C. § 158(a).[5] The Court reviews the Bankruptcy Court's denial

of the McGuirls' motion to reopen for an abuse of discretion. *See* 11 U.S.C. § 350(b) (2000)

("A case *may* be reopened in the court in which such case was closed to administer assets,

---

[3]     26 U.S.C. § 7433(e)(1) confers jurisdiction on the bankruptcy court for violations of certain bankruptcy procedures, including violations of the automatic stay.

[4]     Two civil actions were opened when the McGuirls noticed their appeal, notwithstanding that the notices of appeal were both filed on the same day and arise out of essentially one decision of the Bankruptcy Court. *See In re McGuirl*, Civ. No. 02-596 (RJL) (challenging the Bankruptcy Court's decision to dismiss the adversary proceeding); *In re McGuirl*, Civ. No. 02-597 (RJL) (challenging the Bankruptcy Court's decision to deny the debtor's motion to reopen). These actions, however, are clearly related and therefore the later-filed action will be consolidated into the first-filed action at this time. *See* LCvR 40.5.

[5]     28 U.S.C. § 158(a) states in relevant part:

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders and decrees ... of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."

to accord relief to the debtor, or for other cause.") (emphasis added); *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326-27 (4th Cir. 1984).

## ANALYSIS

The filing of a petition for bankruptcy relief triggers an automatic stay that prohibits unilateral actions against the debtor or property of the debtor's estate. 11 U.S.C. § 362 (2000); *see Gov't of Rwanda v. Rwanda Working Group*, 2003 WL 1089896, at *1 (D.C. Cir. March 5, 2003) ("A bankruptcy petition operates as an automatic stay of the commencement or continuation of judicial action against the debtor."). The automatic stay is not permanent and, if the stay relates to an action against property of the estate, it continues until the property is no longer property of the estate. 11 U.S.C. § 362(c)(1). Otherwise, the automatic stay remains until the case is closed, dismissed, or when a discharge is granted or denied, whichever is earliest. 11 U.S.C. § 362(c)(2); *see NextWave Personal Communications v. Fed. Communications Comm'n*, 254 F.3d 130, 135 (D.C. Cir. 2001).

The McGuirls contend that automatic stay remained in effect until April 22, 1999, when the case was closed. The McGuirls, however, utterly misconstrue § 362. While the automatic stay may terminate when the case is closed, § 362 expressly states that the stay continues until *the earliest of* three events, one of which is the date the discharge is denied. 11 U.S.C. § 362(c)(2). The McGuirls were denied a discharge on January 25, 1994 and, therefore, the automatic stay was lifted *before* the case was closed under § 362's express terms. As a result, the IRS did not violate the automatic stay, and the Bankruptcy Court did

4

not err in holding that the McGuirls failed to allege actionable violations of the automatic stay.[6]

Because the Bankruptcy Court correctly concluded that the IRS did not violate the automatic stay, the McGuirls do not satisfy the prerequisites to bring an action pursuant to 26 U.S.C. § 7433(e)(1).[7]  As a result, this Court concludes that the Bankruptcy Court was well within its discretion to deny the McGuirls' motion to reopen their case. *See* 11 U.S.C. § 350(b).[8]  Accordingly, the decision of the Bankruptcy Court is AFFIRMED.

---

[6]     Even if the automatic stay was not terminated at the relevant time, the alleged violations of the IRS do not qualify as acts that violate the automatic stay. *See* 11 U.S.C. 362(a)-(b).  A statutory notice of deficiency is not listed under 11 U.S.C. § 362(b) as one of the actions prohibited by a filing of a bankruptcy petition. *See id.*  The IRS-imposed levy on debtor's retirement pay is not an action against property of the estate, but one against post-petition property. *See* 11 U.S.C. § 362(a).  The Tax Court case was commenced by the debtor himself, and was not an action commenced against the debtor. *See* 11 U.S.C. § 362(a)(1).  Finally, with respect to the actions against the net operating losses, the debtors concede that after April 1999, the losses were their property and not that of the estate.  Appellant's Br. at 13, 15.  Since debtors allege no actions with respect to the net operating losses prior to April 1999, the IRS has not violated the automatic stay. *Id.* at 19.

[7]     26 U.S.C. § 7433(e)(1) states, in relevant part:

> "If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service willfully violates any provision of section 362 ... of [the Bankruptcy Code,] ... such taxpayer may petition the bankruptcy court to recover damages against the United States."

[8]     11 U.S.C. § 350(b) states that "[a] case *may* be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  (emphasis added).

5

## CONCLUSION

For the foregoing reasons, the decision of the Bankruptcy Court is AFFIRMED.  An

appropriate order will issue contemporaneously herewith.

RICHARD J. LEON
United States District Judge